IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

PATTY D. ASBURY,

        Plaintiff,

V.                                      CIVIL ACTION NO. 3:08-1293

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application for disability insurance benefits on August 2, 2004, alleging disability commencing January 10, 2004, as a consequence of fibromyalgia, depression, anxiety, osteoarthritis, high blood pressure and swelling feet/ankles. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-nine years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a

tag clerk coordinator. In his decision, the administrative law judge found that plaintiff suffered from degenerative and inflammatory joint disease, fibromyalgia, hypertension, phlebitis, obesity, chronic depression and anxiety, impairments which he considered severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of unskilled and low stress light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that deficiencies exist that will require remand for further proceedings. Plaintiff contends that the administrative law judge failed to properly consider her pain and made a faulty credibility assessment. The regulations describe a two-step process for evaluating symptoms.[3] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[4] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[5] The latter step requires consideration of both the objective medical evidence and

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] See 20 C.F.R. §§ 404.1529; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

[5] Id.

subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce her alleged symptoms, the administrative law judge found her statements concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." The administrative law judge made this credibility determination after considering the relevant factors of 20 C.F.R. 404.1529 and SSRs 96-4p and 96-7p. Although the administrative law judge cited the appropriate methodology required to evaluate plaintiff's credibility, he failed to specifically indicate what he considered in formulating his decision.

The administrative law judge stated in his decision that he considered all seven factors enumerated in SSR 96-7p to determine plaintiff's credibility. However, the only indication that he considered any evidence in accordance with the regulations and ruling was his recitation of plaintiff's daily activities. The decision with regard to plaintiff's credibility is completely devoid of any facts pertaining to the other six factors that the administrative law judge is required to consider. Although he stated that he made his decision "after considering the evidence of record," the Court is unable to conduct a reasoned review of his decision without the administrative law judge's delineation of specific facts he relied upon in coming to his conclusion.[6]

---

[6] See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

It is clear from the foregoing that the administrative law judge's findings with respect to plaintiff's credibility are simply insufficient for the Court to conduct a proper review and that remand is warranted. On remand, the parties should be permitted to submit additional evidence, and the Commissioner shall then re-evaluate the claim based on all of the evidence in the record, including any newly submitted materials.

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: March 10, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE